JUDGE TORRES

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

AMERICAN CIVIL LIBERTIES UNION, and
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION,

           Plaintiffs,

v.

NATIONAL SECUIRTY AGENCY,
CENTRAL INTELLIGENCE AGENCY,
DEPARTMENT OF DEFENSE,
DEPARTMENT OF JUSTICE, and
DEPARTMENT OF STATE,

           Defendants.

Civil Action No. _____
ECF Case



## COMPLAINT FOR INJUNCTIVE RELIEF

### Introduction

1.     This is an action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), seeking the release of records that describe the government's understanding of its surveillance authority under Executive Order 12,333 ("EO 12,333") as well as the rules that regulate the government's acquisition, retention, use, and dissemination of the communications of Americans swept up in that surveillance.

2.     During the last six months, the true breadth of many of the government's post-9/11 surveillance activities has been exposed to the light of day. The media has revealed that, for example, the National Security Agency ("NSA") keeps a record of virtually every phone call made or received in the United States every day for the last five years. Reports have also disclosed that the NSA conducts sweeping surveillance of Americans' international communications—by, for example, searching the contents of essentially all text-based

communications entering or leaving the country for specific keywords.

3.      The discussion surrounding the latest disclosures has concentrated on the limitations imposed on the government's surveillance by several statutes—specifically, the Foreign Intelligence Surveillance Act ("FISA"), Section 215 of the Patriot Act (which amended the so-called "business records" provision of FISA), and the FISA Amendments Act of 2008. Considerably less attention has focused on surveillance undertaken pursuant to EO 12,333 and the protections in place under that executive order for Americans' communications.

4.      EO 12,333, signed on December 4, 1981 and modified numerous times since, is the principal source of authority for electronic surveillance that does not fall within the scope of FISA. Whereas FISA applies primarily to surveillance conducted on American soil or to surveillance abroad that targets Americans, EO 12,333 appears to be the sole authority for and limitation on government surveillance abroad that targets foreigners. Unlike surveillance conducted pursuant to FISA, surveillance undertaken solely pursuant to EO 12,333 is not overseen by the Foreign Intelligence Surveillance Court.

5.      Although EO 12,333 permits the government to target foreigners abroad for surveillance, recent revelations have confirmed that the government interprets that authority to permit sweeping monitoring of Americans' international communications. How the government conducts this surveillance, and whether it appropriately accommodates the constitutional rights of American citizens and residents whose communications are intercepted in the course of that surveillance, are matters of great public significance and concern. While the government has released several documents describing the rules that govern its collection and use of Americans' international communications under statutory authorities regulating surveillance on U.S. soil, little information is publicly available regarding the rules that apply to surveillance of

Americans' international calls and emails under EO 12,333.

6. That gap in public knowledge is particularly troubling in light of recent revelations, which make clear that the NSA is collecting vast quantities of data worldwide pursuant to EO 12,333. For instance, recent news reports indicate that, relying on the executive order, the NSA is collecting: nearly 5 billion records per day on the location of cell phones, including Americans' cell phones; hundreds of millions of contact lists or address books from personal email and instant messaging accounts; and information from Google and Yahoo user accounts as that information travels between those companies' data centers located abroad.

7. Surveillance under EO 12,333 inevitably sweeps up the communications of U.S. persons. This FOIA request seeks, in part, to determine what protections are afforded to those U.S. persons and whether those protections are consistent with the Constitution.

8. Disclosure of the records Plaintiffs seek through this action would greatly benefit the public and cause no harm to sensitive intelligence gathering. Plaintiffs seek legal standards and limitations, not operational details. The legal standards that govern surveillance, and the question of whether the government appropriately accommodates the constitutional rights of American citizens, are matters of enormous national significance and ongoing public concern.

## Jurisdiction and Venue

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

10. Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B) because Plaintiffs' principal place of business is in Manhattan, New York, within this district.

## Parties

11. Plaintiff American Civil Liberties Union ("ACLU") is a nationwide, non-profit,

nonpartisan 26 U.S.C. § 501(c)(4) organization with more than 500,000 members dedicated to the constitutional principles of liberty and equality. The ACLU is committed to ensuring that the American government complies with the Constitution and laws, including its international legal obligations, in matters that affect civil liberties and human rights. The ACLU is also committed to principles of transparency and accountability in government, and seeks to ensure that the American public is informed about the conduct of its government in matters that affect civil liberties and human rights. The ACLU is incorporated in New York State and has its principal place of business in New York City.

12.     Plaintiff American Civil Liberties Union Foundation is a separate 26 U.S.C. § 501(c)(3) organization that educates the public about civil liberties and employs lawyers who provide legal representation free of charge in cases involving civil liberties. It is incorporated in New York State and has its principal place of business in New York City.

13.     Defendant National Security Agency ("NSA") is an intelligence agency established within the executive branch of the U.S. government and administered through the Department of Defense. The NSA is an agency within the meaning of 5 U.S.C. § 552(f)(1).

14.     Defendant Central Intelligence Agency ("CIA") is an intelligence agency established within the executive branch of the U.S. government and is an agency within the meaning of 5 U.S.C. § 552(f)(1).

15.     Defendant Department of Defense is a department of the executive branch of the U.S. government and is an agency within the meaning of 5 U.S.C. § 552(f)(1). The Defense Intelligence Agency ("DIA"), from which the ACLU has requested records, is a component of the Department of Defense.

16.     Defendant Department of Justice is a department of the executive branch of the

U.S. government and is an agency within the meaning of 5 U.S.C. § 552(f)(1). The Federal

Bureau of Investigation ("FBI"), National Security Division ("NSD"), and Office of Legal

Counsel ("OLC") are all components of the Department of Justice from which the ACLU has

requested records.

17.     Defendant Department of State ("DOS") is a department of the executive branch

of the U.S. government and is an agency within the meaning of 5 U.S.C. § 552(f)(1).

**Facts**

The Requested Records

18.     By letter dated May 23, 2013, Plaintiffs filed substantially similar FOIA requests

with the CIA, DIA, NSA, FBI, NSD, OLC, and DOS (the "Requests"). (True and correct copies

of the Requests are collectively annexed hereto as Exhibit A.)

19.     Each of the ACLU's Requests sought:

    a.   any records construing or interpreting the scope of their authority to act under

        Executive Order 12,333, and any regulations issued thereunder;

    b.   any records describing the minimization procedures used by Defendants with

        regard to both intelligence collection and intelligence interception conducted

        pursuant to Defendants' authority under EO 12,333 or any regulations issued

        thereunder; and

    c.   any records describing the standards that must be satisfied for the "collection,"

        "acquisition," or "interception" of communications, as Defendants define

        these terms, pursuant to authority under EO 12,333 or any regulations issued

        thereunder.

20.     Plaintiffs also sought a waiver of search, review, and duplication fees because the

requested records were not sought for commercial use, because the ACLU is a "representative of the news media" under 5 U.S.C. § 552(a)(4)(A)(ii)(II), and because the requested information is in the public interest as defined under 5 U.S.C. § 552(a)(4)(A)(iii).

Agency Responses

21.     Four of the agencies—DIA, FBI, NSD, and DOS—have acknowledged receipt of the FOIA request and indicated its placement in their FOIA processing queues, but have provided no substantive response to date.

22.     By email dated June 28, 2013, the NSA memorialized an agreed-upon modification to the scope of Plaintiffs' Request, and by letter dated July 1, 2013, it disclosed two documents responsive to Plaintiffs' Request that were already publicly available. By email dated August 21, 2013, the NSA indicated that additional potentially responsive documents were to be posted on IContheRecord.tumblr.com, and indicated that a further response was forthcoming. By letter dated November 18, 2013, the NSA released two additional documents: a more recent version of U.S. Signals Intelligence Directive SP0018 than had been previously released and its annex, both with redactions. This letter also indicated that the review of additional documents responsive to the request was ongoing, though the NSA has sent no further communication. (True and correct copies of these responses from the NSA are collectively annexed hereto as Exhibit B.)

23.     By email and phone communications between June 25 and July 10, 2013, Plaintiffs and the OLC agreed upon a modification to the scope of Plaintiff's Request, but the OLC has not released any responsive documents to date. (True and correct copies of the communications between Plaintiffs and the OLC are collectively annexed hereto as Exhibit C.)

24.     By letter dated July 26, 2013, the CIA denied plaintiffs' Request as requiring an

"unreasonably burdensome search." (A true and correct copy of this denial from the CIA is annexed hereto as Exhibit D.)

25.     Five of the agencies—CIA, DIA, FBI, NSA, and OLC—have communicated no decision in response to Plaintiffs' requests for fee waivers or limitations of fees. Defendant DOS granted the fee waiver by letter dated June 5, 2013, as did NSD, by letter dated June 11, 2013.

<u>Administrative Appeals</u>

26.     By letter dated November 1, 2013, Plaintiffs administratively appealed the CIA's denial of their Request. (A true and correct copy of this appeal is annexed hereto as Exhibit E.)

27.     Having received no further responsive records, Plaintiffs administratively appealed the constructive denials of their Requests to the DIA, NSA, FBI, NSD, OLC, and DOS by letter dated November 8, 2013. (True and correct copies of these constructive denial appeals are collectively annexed hereto as Exhibit F.)

28.     Four of the defendants, the NSA, FBI, NSD, and DOS, acknowledged receipt of Plaintiffs' administrative appeals.

29.     More than twenty days have elapsed since Plaintiffs filed their administrative appeals. Plaintiffs have therefore exhausted all administrative remedies.

**Causes of Action**

30.     Defendants' failure to timely respond to the Requests violates FOIA, 5 U.S.C. § 552(a)(6)(A), and Defendants' corresponding regulations.

31.     Defendants' failure to make promptly available the records sought by the Requests violates the FOIA, 5 U.S.C. § 552(a)(3)(A), and Defendants' corresponding regulations.

32.     Defendants' wrongful withholdings of specific responsive records, or portions

thereof, violates the FOIA, 5 U.S.C. § 552(a)(3)(A), (6)(A), and Defendants' corresponding regulations.

33.     Defendants' failure to make a reasonable effort to search for records responsive to the Requests violates the FOIA, 5 U.S.C. § 552(a)(3)(C), and Defendants' corresponding regulations.

34.     The failure of CIA, DIA, NSA, FBI, and OLC to grant Plaintiffs' request for a public interest fee waiver violates the FOIA, 5 U.S.C. § 552(a)(4)(A)(iii), and Defendants' corresponding regulations.

35.     The failure of CIA, DIA, NSA, FBI, and OLC to grant Plaintiffs' request for a limitation of fees violates the FOIA, 5 U.S.C. § 552(a)(4)(A)(ii)(II), and Defendants' corresponding regulations.

**Prayer for Relief**

WHEREFORE, Plaintiffs respectfully request that this Court:

1. Order Defendants to conduct a thorough search for all responsive records;

2. Order Defendants to immediately process and release all records responsive to
   Plaintiffs' Request;

3. Enjoin Defendants from charging Plaintiffs search, review, or duplication fees for
   processing their Requests;

4. Award Plaintiffs their costs and reasonable attorney's fees incurred in this action; and

5. Grant such other relief as this Court deems just and proper.

Respectfully submitted,

_____

Alex Abdo
AMERICAN CIVIL LIBERTIES UNION
125 Broad Street, 18th Floor
New York, NY 10005
Phone: (212) 549-2500
Fax: (212) 549-2654

David A. Schulz
Jonathan M. Manes
Iya Megre (law student intern)
Conor Clarke (law student intern)
Maria Laura Torre Gomez (law student intern)
MEDIA FREEDOM AND INFORMATION ACCESS
CLINIC
P.O. Box. 208215
New Haven, CT 06520
(212) 850-6103

December 30, 2013

## Prayer for Relief

WHEREFORE, Plaintiffs respectfully request that this Court:

1. Order Defendants to conduct a thorough search for all responsive records;

2. Order Defendants to immediately process and release all records responsive to Plaintiffs' Request;

3. Enjoin Defendants from charging Plaintiffs search, review, or duplication fees for processing their Requests;

4. Award Plaintiffs their costs and reasonable attorney's fees incurred in this action; and

5. Grant such other relief as this Court deems just and proper.


Respectfully submitted,

Alex Abdo
AMERICAN CIVIL LIBERTIES UNION
125 Broad Street, 18th Floor
New York, NY 10005
Phone: (212) 549-2500
Fax: (212) 549-2654

David A. Schulz
Jonathan M. Manes
Iya Megre (law student intern)
Conor Clarke (law student intern)
Maria Laura Torre Gomez (law student intern)
MEDIA FREEDOM AND INFORMATION ACCESS
CLINIC
P.O. Box 208215
New Haven, CT 06520
(212) 850-6103

December 30, 2013