UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

§
American Civil Liberties Union and            §
American Civil Liberties Union Federation,  §
                                                              §
            Plaintiffs,                                   §
                                                              §
                    v.                                       §          Civil Action No. 13-cv-09198
                                                              §
National Security Agency, et al                §
                                                              §
                                                              §
            Defendants.                              §

## DECLARATION OF ERIC F. STEIN

Pursuant to 28 U.S.C. § 1746, I, Eric F. Stein, declare and state as follows:

1.        I am the Acting Co-Director of the Office of Information Programs and Services

("IPS") of the United States Department of State (the "Department") and have served in this

capacity since March 21, 2016. I am the Department official immediately responsible for

responding to requests for records under the Freedom of Information Act (the "FOIA"), 5 U.S.C.

§ 552, the Privacy Act of 1974, 5 U.S.C. § 552a, and other applicable records access provisions.

Prior to serving in this capacity, from April 2013, I worked directly for the Department's Deputy

Assistant Secretary ("DAS") for Global Information Services ("GIS") and served as a senior

advisor and deputy to the DAS on all issues related to GIS's offices and programs, which

includes IPS. As the Acting IPS Co-Director, I have original classification authority and am

authorized to classify and declassify national security information. I make the following

statements based upon my personal knowledge, which in turn is based upon information

furnished to me in the course of my official duties. I am familiar with the efforts of Department personnel to process the subject request, and I am in charge of coordinating the agency's search and recovery efforts with respect to that request.

2.    The Department's processing of and search in response to Plaintiffs' FOIA request at issue here is described in the Declaration of John F. Hackett, which I understand was filed in support of the motion for summary judgment in this case. On or about May 19, 2016, IPS became aware that the Department had not reviewed certain potentially responsive material identified by the Front Office of the Bureau of Intelligence and Research ("INR/FO"). Upon further discussions with a Special Assistant in INR/FO, an IPS litigation analyst learned that INR/FO archived all of its materials from the period consisting of September 2001 through December 2008 (the "Archived Material"). Upon further investigation, the IPS litigation analyst determined that the Archived Material consists of 35 boxes of documents, many of which are classified with special access requirements, that are stored in multiple locations. The IPS litigation analyst further determined that the documents are not sorted or logged in any way other than chronological, leaving IPS no option other than to open each box and manually review every page contained therein.

## I. Conduct of the Initial Responsiveness Review

3.    Because of the classification and access restrictions associated with these documents, IPS, which already has a limited number of reviewers, has an even more limited number of reviewers whom it can assign to conduct the review. At present, IPS has not yet identified any reviewers who possess the requisite clearances to access the materials. IPS is working to identify a reviewer who may be able to contribute to this review effort.

2

4.      At present, IPS anticipates that we can complete the responsiveness review of these materials on or before September 30, 2016.

## II. Conduct of Review in Preparation for Production

5.      In the event that any responsive materials are identified that are classified at the SECRET level and below, IPS will need to ingest those materials into FREEDOMS 2 ("F2"), the Department's document review system. Once documents are scanned into F2, each of the documents is assigned a unique identification number, and an IPS employee manually inputs certain bibliographic data associated with each document, such as the fields for To, From, Date, and Subject (if available). IPS then assigns those documents for review to an IPS employee (a "reviewer") with appropriate clearance and subject matter expertise to handle that set of documents. The reviewer then performs a line-by-line review of the document to determine whether it contains any classified or sensitive information that must be withheld under one of the nine FOIA exemptions and whether it contains information belonging to other federal agencies. During this process, the reviewer may consult other Department employees (including, for example, employees in regional bureaus or attorneys) as s/he determines is necessary. These consultations often occur more than once in the process. This internal consultation process is extremely important, particularly when the FOIA request is for documents that were created contemporarily with the request and are accordingly likely more sensitive than historical documents. For instance, such documents may concern the views or activities of individuals who could suffer reprisals if their identities or opinions are revealed. These contemporary documents may also reflect certain policies, activities, or other information of a heightened sensitivity to current U.S.-foreign relations. Consequently, IPS requires its reviewers to clear all documents

*ACLU v. NSA et al.*
No. 13-cv-09198
Stein Declaration

that were created within the previous five years and contain substantive information with the relevant bureaus prior to finalizing release determinations. Aside from the internal clearance process, if the reviewer determines that a document originated with the Department but contains another federal agency's information (or "equities"), then an IPS employee will send that document to the relevant federal agency for consultation. If the reviewer determines that a document originated with another federal agency, s/he will redact any Department information that must be withheld under the FOIA, and the document will be sent to that federal agency for review and direct reply to the requester.

6.    After completing the internal and external consultation processes, the reviewer redacts any information that must be withheld under the FOIA and marks the documents that the Department will release in full or in part with the required stamps indicating the release determinations and FOIA exemptions applied. The Department provides those documents to the requester with a cover letter indicating whether responsive documents were located and which (if any) exemptions were applied to documents withheld in full or in part (including a list of the available FOIA exemptions). The Department also provides an explanatory letter in the event that no responsive documents were located or all responsive documents were withheld in full.

7.    In the event that any responsive materials are identified that are classified with special access requirements, IPS will undertake a similar review process, with the exception that the documents will be redacted manually (if at all), without ingestion into F2.

8.    The time required to conduct this phase of the review will depend entirely upon the number of responsive documents identified in the 35 boxes of archived material. Therefore, I cannot attest at this point in the process as to the specific amount of time required to perform this

phase of the review.  Once the initial review for responsiveness has been completed, IPS will advise the requestor of the volume of documents requiring additional review, if any, or alternatively that IPS did not identify any responsive documents in 35 boxes of material.

### III.  Conclusion

9.      In summary, IPS projects that it will be able to complete its initial review for responsiveness of the 35 boxes of materials on September 30, 2016.

***

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this __7th__ day of June 2016, Washington, D.C.

Eric F. Stein

5