```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/17/17
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMERICAN CIVIL LIBERTIES UNION, and
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION,

                      Plaintiffs,

-against-

NATIONAL SECURITY AGENCY, CENTRAL
INTELLIGENCE AGENCY, DEPARTMENT
OF DEFENSE, DEPARTMENT OF JUSTICE,
and DEPARTMENT OF STATE,

                      Defendants.

13 Civ. 9198 (KMW) (JCF)

**ORDER**

KIMBA M. WOOD, District Judge:

Plaintiffs, the American Civil Liberties Union and the American Civil Liberties Union Foundation, bring this action challenging the nondisclosure of information requested by Plaintiffs pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, from Defendants: the United States National Security Agency ("NSA"), the United States Central Intelligence Agency ("CIA"), the United States Department of Defense ("DOD"), the United States Department of Justice ("DOJ"), and the United States Department of State ("State") (collectively, "Defendants" or "the Government"). The parties each previously moved for partial summary judgment on the adequacy of certain agencies' searches in response to Plaintiffs' FOIA requests and the applicability of certain FOIA exemptions to 150 responsive documents that were partially or fully withheld by the Government. On March 27, 2017, the Court issued a memorandum opinion and order (the "Order") granting in part and denying in part the Government's motion, and denying Plaintiffs' motion without prejudice. ECF No. 93. The parties now each move for partial summary judgment as to the remaining 46 documents that are contested. In accordance with the Order, the Government has conducted additional review and

1

searches, and provided additional support for its motion. For the reasons stated below, Defendants' motion is GRANTED and Plaintiffs' motion is DENIED.

## I.   BACKGROUND

The Court assumes familiarity with the previous summary judgment opinion in this matter, which provides a more complete background. In short, Plaintiffs seek information from seven federal entities—CIA; State; NSA; the Defense Intelligence Agency ("DIA"), an agency within DOD; and three divisions of DOJ: the Federal Bureau of Investigation ("FBI"), the National Security Division ("NSD"), and the Office of Legal Counsel ("OLC")—relating to the agencies' authority under Executive Order 12,333 ("E.O. 12,333") and related procedures and standards. Second Am. Compl. ¶¶ 18-19, ECF No. 44. The Executive Order allows intelligence agencies to gather information from foreign sources, and allows for the collection, retention, and dissemination of information concerning United States citizens, at home and abroad, in certain limited situations. E.O. 12,333 § 2.3(C); *see also id.* §§ 2.3 to 2.4.

In the Order, the Court addressed the parties' arguments regarding the adequacy of certain agencies' searches, as well as the lawfulness of certain withholdings and redactions. Specifically, the Order held that:

- FBI's, NSD's, and CIA's searches were inadequate or inadequately explained, Order 9-15;
- the Government sufficiently justified its withholdings under Exemption 5 of the FOIA as to certain OLC, NSD, and CIA documents, but found that the Government's justifications for other NSD, NSA, and CIA documents were lacking,[1] *id.* at 15-30;
- the Government's invocation of FOIA Exemptions 1 and 3 with regard to certain legal memoranda was justified, *id.* at 31-36;

---

[1] Specifically, the Court denied the Government's motion as to the following documents: NSD 12, 13, 14, 23, 33, and 49; CIA 36, 42, 43, 45, 46, and 80-91; and NSA 7, 11, 12 (except for pages 2-4 and 30-38), 14-21, and 28. Plaintiffs no longer challenge the assertion of the presidential communications privilege to CIA 36. Pl. Opp. 5 n.5, ECF No. 107. And Defendants have since released CIA 46 to Plaintiffs. *Id.*

2

- the Government was required to conduct a segregability review on certain documents, to the extent it had not done so, and had to review certain material marked "Unclassified/For Official Use Only" for content that should be disclosed,[2] *id.* at 36-38;

- the Government justified its withholdings under FOIA Exemptions 1 and 3 regarding some rules and regulations and training and briefing materials, but not as to one document (NSD 94-125),[3] *id.* at 38-41;

- the Government's withholdings pursuant to Exemption 7 of the FOIA was justified, *id.* at 41-45; and

- Plaintiffs' request for the reprocessing of certain OLC documents was not justified, and that *in camera* review was premature, *id.* at 46.

## II. LEGAL STANDARD

A moving party is entitled to summary judgment when the record shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Feingold v. New York*, 366 F.3d 138, 148 (2d Cir. 2004). A genuine dispute exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Material facts are those that, under the governing law, may affect the outcome of a case. *Id.* The moving party must establish the absence of a genuine dispute of material fact by citing to particulars in the record. Fed. R. Civ. P. 56(a), (c); *Celotex*, 477 U.S. at 322-25; *Koch v. Town of Brattleboro*, 287 F.3d 162, 165 (2d Cir. 2002). If the movant satisfies this burden, the opposing party must then "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). When deciding the motion, the Court must view the record in the light most favorable to the non-moving party, *O'Hara v.*

---

[2] Specifically, these documents include CIA 8, 10, 12, 30, and 77; NSA 22, 23, and 79; and NSD 7, 37, 42, 44, and 47.

[3] Following the Court's Order, Defendants provided Plaintiffs with a less redacted version of NSD 94-125, and Plaintiffs withdraw their challenge to the remaining redactions of that document. Pl. Opp. 4 n.4.

*Weeks Marine, Inc.*, 294 F.3d 55, 61 (2d Cir. 2002), although speculation and conclusory assertions are insufficient to defeat summary judgment, *see Niagara Mohawk Power Corp. v. Jones Chem. Inc.*, 315 F.3d 171, 175 (2d Cir. 2003).

FOIA cases are regularly resolved on summary judgment. "In order to prevail on a motion for summary judgment in a FOIA case, the defending agency has the burden of showing that its search was adequate and that any withheld documents fall within an exemption to the FOIA." *Carney v. DOJ*, 19 F.3d 807, 812 (2d Cir. 1994) (citations omitted). "[A]ll doubts as to the applicability of the exemption must be resolved in favor of disclosure." *N.Y. Times Co. v. DOJ*, 756 F.3d 100, 112 (2d Cir. 2014) (quoting *Wilner v. NSA*, 592 F.3d 60, 69 (2d Cir. 2009)).

When an agency withholds records and the requestor challenges such withholdings, the district court must "determine the matter *de novo*, and may examine the contents of . . . agency records *in camera* to determine whether such records or any part thereof shall be withheld under any of the exemptions." 5 U.S.C. § 552(a)(4)(B). In *Vaughn v. Rosen*, the Court of Appeals for the D.C. Circuit held that to adequately justify an alleged exemption, the Government should provide "a relatively detailed analysis in manageable segments." 484 F.2d 820, 826 (D.C. Cir. 1973). Thus, agencies submit *Vaughn* indexes listing withheld documents and claimed exemptions, along with *Vaughn* affidavits that describe the withheld documents and the rationale for withholding them. *See ACLU v. DOJ*, No. 13 Civ. 7347, 2016 WL 5394738, at *4 (S.D.N.Y. Sept. 27, 2016).

Where "such declarations are 'not controverted by either contrary evidence in the record nor by evidence of agency bad faith,' summary judgment for the government is warranted." *Id.* (quoting *Wilner*, 592, F.3d at 73). "When the claimed exemptions involve classified documents in the national security context, the Court must give '*substantial weight* to an agency's affidavit

concerning the details of the classified status of the disputed record.'" *N.Y. Times*, 756 F.3d at 112 (quoting *ACLU v. DOJ*, 681 F.3d 61, 69 (2d Cir. 2012)). "Ultimately, an agency's justification for invoking a FOIA exemption is sufficient if it appears logical or plausible." *Wilner*, 592 F.3d at 73 (quoting *Larson v. Dep't of State*, 565 F.3d 857, 862 (D.C. Cir. 2009)). Accordingly, "the government's burden is a light one." *ACLU v. U.S. Dep't of Def.*, 628 F.3d 612, 624 (D.C. Cir. 2011). However, *Vaughn* submissions are insufficient where "the agency's claims are conclusory, merely reciting statutory standards, or if they are too vague or sweeping." *Quinon v. FBI*, 86 F.3d 1222, 1227 (D.C. Cir. 1996) (quoting *Hayden v. NSA*, 608 F.2d 1381, 1387 (D.C. Cir. 1979)).

### III.  DISCUSSION

#### A.  Adequate Searches

"To prevail on summary judgment, . . . the defending 'agency must show beyond material doubt . . . that it has conducted a search reasonably calculated to uncover all relevant documents.'" *Morley v. CIA*, 508 F.3d 1108, 1114 (D.C. Cir. 2007) (quoting *Weisberg v. DOJ*, 705 F.2d 1344, 1351 (D.C. Cir. 1983)). "The adequacy of a search is not measured by its results, but rather by its method." *N.Y. Times*, 756 F.3d at 124. "[T]o establish the adequacy of a search, agency affidavits must be relatively detailed and nonconclusory, and submitted in good faith." *Grand Cent. P'ship, Inc. v. Cuomo*, 166 F.3d 473, 488-89 (2d Cir. 1999) (quoting *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991)). "A reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched, is necessary to afford a FOIA requester an opportunity to challenge the adequacy of the search and to allow the district court to determine if the search was adequate in order to grant summary judgment." *Oglesby v.*

*U.S. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990). However, "the law demands only a 'relatively detailed and nonconclusory' affidavit or declaration." *Adamowicz v. IRS*, 402 F. App'x 648, 650 (2d Cir. 2010) (quoting *Grand Cent. P'ship*, 166 F.3d at 488-89).

In the Order, the Court found that FBI, NSD, and CIA failed to show that their searches were adequate. Order 9-15. In support of its motion, the Government has submitted supplemental declarations from CIA and NSD that more extensively describe the searches that each agency undertook. *See* Second Suppl. Decl. of Antoinette B. Shiner ("Second Suppl. CIA Decl.") ¶¶ 3-11, ECF No. 101; Decl. of Kevin G. Tiernan ("Second Suppl. NSD Decl.") ¶¶ 9-21, ECF No. 104. In addition, because FBI could not adequately describe the search it previously undertook, it conducted a new search in collaboration with Plaintiffs and guided by the requirements set forth in the Order. *See* Third Decl. of David M. Hardy ("Second Suppl. FBI Decl.") ¶¶ 4-8, ECF No. 102; Fourth Decl. of David M. Hardy ("Third Suppl. FBI Decl.") ¶¶ 3-10, ECF No. 105. Plaintiffs no longer challenge the agencies' searches. Pl. Opp. 1. The Court has reviewed the supplemental declarations and agrees that Defendants' searches were adequate. Accordingly, Defendants' motion for summary judgment as to the adequacy of FBI's, NSD's, and CIA's searches is GRANTED.

  B. <u>Segregability</u>

In the Order, the Court directed the Government to (a) confirm that a line-by-line segregability review had taken place or to conduct one if it had not, and (b) address certain redactions of content labeled as unclassified. Order 36-38 (denying the Government's motion for summary judgment as to CIA 8, 10, 12, 30, and 77; NSA 22, 23, and 79; and NSD 7, 37, 42, 44, and 47). As discussed below, the Government's supplemental briefing has sufficiently addressed the Court's concerns.

6

Under FOIA, "[a]ny reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt under this subsection." 5 U.S.C. § 552(b). "This provision requires agencies and courts to differentiate among the contents of a document rather than to treat it as an indivisible 'record' for FOIA purposes." *ACLU*, 2016 WL 5394738, at *13 (quoting *FBI v. Abramson*, 456 U.S. 615, 626 (1982)). "[I]t is unlikely that each and every word in [a document] is classified. But case citations and quotations standing in a vacuum would be meaningless. If sufficient context was disclosed to make the non-exempt material meaningful, the circumstances warranting the classification of the [document] would be revealed. FOIA does not require redactions and disclosure to this extent." *ACLU v. DOJ*, 229 F. Supp. 3d 259 (S.D.N.Y. 2017) (citing *Rodriguez v. IRS*, No. 09 Civ. 5337, 2012 WL 4369841, at *8 (E.D.N.Y. Aug. 31, 2012), *report and recommendation adopted*, 2012 WL 4364696 (E.D.N.Y. Sept. 24, 2012)). In invoking these exemptions, and the segregability of the documents or lack thereof, "an agency's justification . . . is sufficient if it appears 'logical' or 'plausible.'" *N.Y. Times*, 756 F.3d at 119 (quoting *Wolf v. CIA*, 473 F.3d 370, 374-75 (D.C. Cir. 2007)).

In its supplemental submissions, the Government has adequately confirmed that the documents have been reviewed for segregable disclosable content and that no such content exists. As to NSD 7, 37, 42, 44, and 47, the NSA declarant reaffirms that the documents have undergone a segregability review and no portion could be reasonably segregated, and that the content is classified and prohibited from public disclosure by statute, satisfying Exemptions 1 and 3. Suppl. Decl. of David J. Sherman ("Second Suppl. NSA Decl.") ¶ 19, ECF No. 103. The Government also confirms that NSD 42 and 47 contain little unclassified information, and the unclassified content both falls under Exemption 3 and is, for the most part, meaningless in

isolation. Suppl. Decl. of David J. Sherman ("Third Suppl. NSA Decl.") ¶ 8, ECF No. 111. As to NSA 22, 23, and 79, the Government confirms that disclosure of even the unclassified content is prohibited by statute and falls under Exemption 3. *See id.* ¶¶ 4, 6, 7. As to CIA 8, 10, 12, and 77, the Government confirms that CIA conducted a line-by-line segregability analysis and any unclassified material is either mismarked or protected by Exemption 3. Second Suppl. CIA Decl. ¶¶ 19, 20. Finally, the Government avers that, upon further review, CIA 30 was not responsive to Plaintiffs' FOIA request and it was inadvertently produced. *Id.* ¶ 21.

The Court is satisfied that the Government has met its obligation to perform a careful segregability review, including of content otherwise labeled as unclassified. Accordingly, Defendants' motion for summary judgment on this issue is GRANTED, and Plaintiffs' motion for summary judgment is DENIED.

        C.      Remaining Documents

The parties dispute at length the scope of Exemption 5 and its application to the remaining 33 documents. However, the Court need not resolve these issues, as Plaintiffs do not contest the validity of the Government's assertion of Exemptions 1 and/or 3 as to these documents, aside from the segregability issue addressed above. *See N.Y. Times Co. v. DOJ*, 806 F.3d 682, 687 (2d Cir. 2015) ("Whether or not 'working law,' the documents are classified and thus protected under Exemption 1 . . . ."). Accordingly, the Court only briefly discusses Exemptions 1 and 3.

The Government may withhold records under Exemption 1 if the records are "(A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified pursuant to such Executive order." 5 U.S.C. § 552(b)(1). To satisfy its burden on summary judgment, the

Government must establish through affidavits "that it complied with proper procedures in classifying materials and that the withheld information falls within the substantive scope" of a particular executive order. *Amnesty Int'l USA v. CIA*, 728 F. Supp. 2d 479, 506 (S.D.N.Y. 2010) (citing *Salisbury v. United States*, 690 F.2d 966, 971-72 (D.C. Cir. 1982)). However, "the Court is 'mindful that issues of national security are within the unique purview of the executive branches, and that as a practical matter, few judges have the skill or experience to weigh the repercussions of disclosure of intelligence information.'" *Id.* (quoting *Physicians for Human Rights v. DOD*, 675 F. Supp. 2d 149, 166 (D.D.C. 2009)). Accordingly, the Court gives deference to the Government's justifications for classifying information. *Id.*; *see also Wilner*, 592 F.3d at 76 ("Recognizing the relative competencies of the executive and judiciary, . . . it is bad law and bad policy to 'second-guess the predictive judgments made by the government's intelligence agencies' regarding questions such as whether disclosure of [classified] records would pose a threat to national security." (quoting *Larson*, 565 F.3d at 865)).

Under FOIA Exemption 3, the Government is permitted to withhold information that is "specifically exempted from disclosure by [a] statute." 5 U.S.C. § 552(b)(3). "[T]he sole issue for decision is the existence of a relevant statute and the inclusion of withheld material within that statute's coverage." *Amnesty Int'l USA*, 728 F. Supp. 2d at 501 (quoting *Goland v. CIA*, 607 F.2d 339, 350 (D.C. Cir. 1978)).

The Government has met its burden under Exemptions 1 and 3 as to the remaining documents. First, as to NSD 12, 13, 14, 23, 33, and 49, and NSA 11 and 12, the NSA declarant has averred that the documents are properly classified and properly withheld under Exemption 1, and that the documents discuss NSA data and intelligence collection efforts, which relate to topics protected from release by statute. Decl. of David J. Sherman ("NSA Decl.") ¶¶ 38-44

9

(citing, *inter alia*, 50 U.S.C. §§ 3024(i)(1), 3605), ECF No. 64. Similarly, the NSA declaration describes that NSA 14 through 21 and 28, which relate to NSA intelligence functions that are protected from disclosure by statute, are classified at the secret or top-secret level and their disclosure would harm NSA foreign intelligence activities. *Id.* ¶¶ 45-55. Finally, as to CIA 42, 43, 45, and 80-91, the CIA declaration explains that the documents are properly classified because disclosure of CIA's intelligence-gathering techniques would reasonably be expected to cause harm to national security, and the documents describe intelligence sources and methods that are prohibited from disclosure by statute. Decl. of Antoinette B. Shiner ("CIA Decl.") ¶¶ 12-18, 19-21 (citing, *inter alia*, 50 U.S.C. § 3024(i)(1)), ECF No. 60.

The Court therefore concludes that the Government properly withheld these documents under FOIA Exemptions 1 and/or 3, and therefore need not reach the parties' arguments regarding Exemption 5. Accordingly, Plaintiffs' motion for summary judgment on this issue is DENIED and Defendants' motion for summary judgment is GRANTED.

## IV. CONCLUSION

For the reasons stated above, Defendants' motion is GRANTED and Plaintiffs' motion is DENIED. The Court believes that this order resolves all remaining issues. If the parties disagree, they shall file a letter on the docket within 30 days explaining any outstanding issues. The Clerk of Court is directed to terminate the motions at ECF Nos. 99 and 106 and to close the case.

SO ORDERED.

Dated: August 17, 2017
      New York, New York

                                                                 KIMBA M. WOOD
                                                         United States District Judge